**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANUMITA STEINBERG,<br><br>      Plaintiff,<br><br>      - v -<br><br>CONSTELLATION AGENCY, LLC and DIANA LEE,<br><br>      Defendants. | Civil Action No.: 24-cv-8113<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Anumita Steinberg ("Steinberg"), by and through her undersigned attorney, brings this Complaint against Defendants Constellation Agency, LLC ("Constellation") and Diana Lee ("Lee"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for breastfeeding and lactation discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, as well as unlawful deductions from wages in violation of New York Labor Law ("NYLL") § 193 and whistleblower retaliation in violation of NYLL § 740.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

2. The Court has original jurisdiction over Steinberg's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Steinberg's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about August 19, 2022, Steinberg submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about July 29, 2024, the EEOC issued Steinberg a Notice of Right to Sue, and this action is being brought within 90 days of Steinberg's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Steinberg will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Steinberg is a resident of the State of New York and former Associate VP of Paid Media of Constellation.

8. At all relevant times, Steinberg was an "employee" of Defendants under all relevant statutes.

9. Constellation is a limited liability company registered in New York and permitted to do business in New York.

10. Constellation employed more than 14 employees throughout Steinberg's employment.

11. Constellation conducted business at 285 Fulton Street, Floor 21, New York, NY 10007, where it employed Steinberg.

12. Defendant Lee was at all relevant times employed by Constellation as its CEO.

13. Lee had the ability to affect the terms and conditions of Steinberg's employment

and did so by, among other things, assigning her work, evaluating her performance, and providing feedback.

14. Upon information and belief, Lee resides in New York.

15. At all relevant times, Defendants were Steinberg's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

16. Steinberg received a Bachelor of Arts in 2009 from Hunter College of the City University of New York.

17. Prior to joining Constellation, Steinberg had 12 years of experience in digital marketing and paid media.

18. Steinberg began working for Constellation as its Associate VP of Paid Media at its One World Trade Center, 285 Fulton Street, Floor 21, New York, NY 10007 location in February 2022.

19. Steinberg succeeded in her role as Associate VP of Paid Media and received a lateral promotion as Associate VP of Growth within 3 months of joining because of positive feedback from her team, colleagues and leadership. Her role and responsibilities expanded to oversee a team of 30 employees.

20. Before she began her employment, Constellation promised Steinberg that her lactation needs as a new mother would be accommodated.

21. After she started in her role, Constellation revealed that it did not provide a designated lactation room nor reasonable time for lactation breaks.

22. As a result, Steinberg was forced to pump in a supply closet with no fridge or access to water for her first six weeks of employment.

23. Steinberg ultimately bought and installed curtains for her office so that she could use it as a lactation room.

24. Constellation did not, however, allow Steinberg to use her office as a lactation room without intrusion. On the afternoon of May 6, 2022, for example, Lee entered Steinberg's closed office while she was pumping with the curtains drawn.

25. Steinberg was also forced to constantly turn on her camera for meetings, interrupting and preventing lactation breaks.

26. Constellation's human resources member subsequently acknowledged that Anumita was not provided proper accommodations for her lactation needs.

27. Throughout her employment at Constellation, including in May and June 2022, Steinberg complained to Constellation management regarding its failure to provide the legally required lactation room or time for lactation breaks.

28. Following her complaints, around July 26, 2022, Constellation informed Steinberg that she was no longer a "good fit" and terminated her employment following her return from a three-day medical leave.

29. Constellation also withheld Steinberg's accrued paid time off, $2,500 earned referral fee, and 2022 earned first quarterly bonus of approximately $10,000.

30. Following the termination, Constellation asked Steinberg to waive her rights to sue the company through a severance agreement, promising "a period of twenty-one (21) days to consider it (to be signed by August 19, 2022 if Employee is in agreement)" and informing her that "Employee is advised to consult with an attorney of her choice before signing this Agreement."

31. Steinberg accordingly consulted with an attorney and, on August 4, 2022, sent a

letter to Constellation regarding the proposed severance agreement and her legal claims. Approximately four hours later, Lee threatened that if Steinberg "pursued legal action, we will be countersuing for damages and legal fees."

32. On August 5, 2022, two weeks before the promised consideration period for the severance agreement ended, Constellation's Associate VP of Human Resources withdrew its severance proposal and again threatened legal action against Steinberg: "If you choose to pursue legal action against Constellation, rest assured that Constellation will have significant legal claims … we are prepared to leverage all resources available to Constellation to pursue our causes of action against you."

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)
*Against Defendant Constellation*

33. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

34. By the actions described above, among others, Defendant discriminated against Steinberg by, inter alia, subjecting her to disparate treatment because of her membership in a protected class.

35. Defendant violated Title VII by subjecting Steinberg to this behavior based, in whole or in part, upon her membership in that protected class.

36. As set forth in detail above and herein, Constellation discriminated against Steinberg and subjected her to adverse employment actions including, but not limited to, terminating her employment.

37. As a direct and proximate result of Defendant's unlawful employment practices, Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits,

other financial loss, and emotional distress.

38. Accordingly, Defendant discriminated against Steinberg because of her gender and lactation needs, in violation of her rights under Title VII.

39. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of Title VII)
*Against Defendant Constellation*

40. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

41. Defendant's actions and comments against Steinberg taken cumulatively subjected her to inferior terms, conditions or privileges of employment.

42. Constellation did not remedy the hostile work environment despite Steinberg's complaints.

43. Constellation thereby discriminated against Steinberg on the basis of her membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

44. As a direct and proximate result of the unlawful discriminatory conduct carried out by Constellation, Steinberg has suffered, and continues to suffer, emotional distress for which she is entitled to an award of monetary damages and other relief.

45. Constellation's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
*Against Defendant Constellation*

46. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

47. As set forth in detail above, Steinberg engaged in activity protected under Title VII.

48. Constellation was aware that Steinberg opposed unlawful conduct and/or asserted her rights under Title VII.

49. Constellation, unlawfully and without cause, retaliated against Steinberg as a direct result of Steinberg asserting her rights under Title VII, and Steinberg suffered materially adverse employment actions as a result.

50. As a direct and proximate result of Constellation's unlawful employment practices, Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

51. Constellation's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

52. Accordingly, Constellation retaliated against Steinberg in violation of her statutory rights as guaranteed by Title VII.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against All Defendants*

53. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

54. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Steinberg because she was a member of a protected class.

55. Steinberg is a member of a protected class under the NYSHRL and was perceived by Defendants as such.

56. As set forth in detail above and here, Defendants discriminated against Steinberg and subjected her to adverse employment actions.

57. As a direct and proximate result of the unlawful employment practices of Defendants, Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

58. Accordingly, Defendants discriminated against Steinberg because of her gender and lactation needs, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of the NYSHRL)
*Against All Defendants*

59. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

60. Defendants' actions and comments against Steinberg taken cumulatively subjected her to inferior terms, conditions or privileges of employment.

61. Defendants did not remedy the hostile work environment despite Steinberg's complaints.

62. Defendants thereby discriminated against Steinberg on the basis of her membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

63. As a direct and proximate result of the unlawful discriminatory conduct carried

out by Defendants, Steinberg has suffered, and continues to suffer, emotional distress for which she is entitled to an award of monetary damages and other relief.

64. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**
*Against All Defendants*

65. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

66. As set forth in detail above, Steinberg engaged in activity protected under the NYSHRL.

67. Defendants retaliated by subjecting Steinberg to discrimination and adverse employment actions because of her protected activity in violation of Steinberg's statutory rights.

68. Defendants were aware that Steinberg opposed unlawful conduct and asserted her rights under the NYSHRL.

69. Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

70. Accordingly, Defendants retaliated against Steinberg in violation of her statutory rights as guaranteed by the NYSHRL.

**SEVENTH CAUSE OF ACTION**
**(Discrimination in Violation of the NYCHRL)**
*Against All Defendants*

71. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

72. The aforementioned facts and circumstances demonstrate that Defendants

discriminated against Steinberg because she was a member of a protected class.

73. Steinberg is a member of a protected class under the NYCHRL and was perceived by Defendants as such.

74. As set forth in detail above and here, Defendants discriminated against Steinberg in the terms and conditions of her employment by treating Steinberg less well than her similarly situated coworkers.

75. Defendants subjected Steinberg to adverse employment actions because of her gender and lactation needs.

76. As a direct and proximate result of the unlawful employment practices of Defendants, Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

77. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

78. Accordingly, Defendants discriminated against Steinberg because of her gender and lactation needs, in violation of her statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of the NYCHRL)
*Against All Defendants*

79. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

80. Defendants' actions and comments against Steinberg taken cumulatively subjected her to inferior terms, conditions or privileges of employment.

81. Defendants did not remedy the hostile work environment despite Steinberg's

complaints.

82. Defendants thereby discriminated against Steinberg on the basis of her membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

83. As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants, Steinberg has suffered, and continues to suffer, emotional distress for which she is entitled to an award of monetary damages and other relief.

84. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against All Defendants*

85. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

86. As set forth in detail above, Steinberg engaged in activity protected under the NYCHRL.

87. Defendants retaliated against Steinberg by treating her less well than similarly situated employees and subjecting her to discrimination and adverse employment actions because of her protected activity in violation of the NYCHRL.

88. Defendants were aware that Steinberg opposed unlawful conduct and/or asserted her rights under the NYCHRL.

89. Defendants, unlawfully and without cause, retaliated against Steinberg as a direct result of Steinberg asserting her rights and opposing unlawful conduct under the NYCHRL, which involved conduct reasonably likely to deter an individual from engaging in such protected

activity.

90. As a direct and proximate result of Defendants' unlawful employment practices, Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

91. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

92. Accordingly, Defendants retaliated against Steinberg in violation of her statutory rights as guaranteed by the NYCHRL.

## TENTH CAUSE OF ACTION
### (Aiding and Abetting in Violation the NYSHRL and NYCHRL)
*Against Defendant Lee*

93. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

94. Defendant Lee aided, abetted, incited, compelled, or coerced Defendants' unlawful conduct, including discrimination, failure to provide a reasonable accommodation, and retaliation, against Steinberg by her conduct, action, and inaction, in violation of the NYSHRL and NYCHRL.

95. Lee was aware of her role as part of the unlawful activity that she assisted in, and knowingly and substantially assisted Defendant in its violations of the NYSHRL and NYCHRL.

96. As a direct and proximate result of Lee's conduct, Steinberg has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

97. Lee's conduct has been intentional, deliberate, willful, malicious, reckless and

conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Unlawful Deduction from Wages in Violation of the NYLL)
*Against Defendant Constellation*

98. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

99. Constellation withheld Steinberg's accrued paid time off, earned referral fee, and 2022 earned first quarterly bonus.

100. Defendant's withholding of Steinberg's wages was willful and done in bad faith. Accordingly, Steinberg is entitled to liquidated damages equal to 100% of the unpaid wages due and owing to her pursuant to NYLL § 198(1-a).

101. As a direct and proximate result of Defendant's breaches of the NYLL, Steinberg has been damaged in an amount to be determined at hearing, and are entitled to an award of liquidated damages, attorney's fees, and prejudgment interest owed in connection with these violations.

## TWELFTH CAUSE OF ACTION
### (Retaliation in Violation of the NYLL)
*Against All Defendants*

102. Steinberg repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

103. Steinberg engaged in protected activity under NYLL § 740 by opposing Constellation's violations of lactation laws.

104. Defendants' termination of Steinberg's employment in response to that protected activity constituted "retaliatory action" under NYLL § 740(1)(e).

105. As a direct and proximate result of Defendants' conduct, Steinberg has suffered

and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

106. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Steinberg, entitling her to punitive damages.

## **RELIEF**

Plaintiff Anumita Steinberg demands judgment in her favor and against Defendants Constellation Agency, LLC and Diana Lee as follows:

A. A declaratory judgment that the actions of Defendants complained of violate Title VII, the NYCHRL, NYSHRL, and NYLL;

B. An injunction and order permanently restraining Defendants from engaging in any such further unlawful conduct;

C. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Steinberg for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

D. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Steinberg for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Steinberg's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Anumita Steinberg demands a trial by jury on all issues so triable of right.

Dated: October 25, 2024
New York, New York

                            **RISSMILLER PLLC**

By:   */s/ Alex Rissmiller*
       Alex Rissmiller
       5 Pennsylvania Plaza, 19th Floor
       New York, NY 10001
       T: (646) 664-1412
       arissmiller@rissmiller.com

       *Attorney for Plaintiff Anumita Steinberg*