# K&L GATES

June 17, 2025

Vincent N. Avallone
vincent.avallone@klgates.com

T +1 973 848 4027
F +1 973 848 4001

*Via ECF*

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Re:    Steinberg v. Constellation Agency, LLC & Diana Lee, No. 1:24-cv-08113**

Dear Judge Engelmayer:

This firm represents the Defendants in the above-referenced matter. We write regarding a discovery dispute with Plaintiff Anumita Steinberg. We have conferred with Plaintiff's counsel in an effort to resolve this dispute, both in writing and on a conference call on May 21, 2025. These efforts were unsuccessful. Defendants request an informal conference with the Court to address this dispute.

A. Summary of Dispute

This dispute concerns Plaintiff's responses to Defendants' Interrogatory No. 7 and Request for Production No. 19:

> Interrogatory No 7. If you claim damages for pain and suffering or mental anguish in this litigation, identify each and every medical, mental, psychological, psychiatric, counseling or other health care provider of any kind who has provided diagnosis, treatment, prescription, medication, counseling, evaluation, examination, or any other services to you from January 1, 2020 until the date these interrogatories are answered, and the condition for which treatment was sought. Supplement to the date of trial.
>
> Plaintiff's Response. Plaintiff objects to this interrogatory on the grounds that it is seeking information beyond the scope of discovery permitted by Local Civil Rule 33.3(a). Subject to and without waiving any objection, Plaintiff identifies Alison Gruen, MD.
>
> RFP 19. Executed authorizations for the release of medical records and psychotherapy notes in the forms attached hereto for each medical provider identified by you in your answer to Interrogatory No. 7 of Defendants' First Set of Interrogatories to you.
>
> Plaintiff's Response. Plaintiff will produce any relevant medical records and authorizations following the Court's entry of an appropriate confidentiality order.

Plaintiff has only identified and provided authorizations for Dr. Alison Gruen, a dermatologist. Plaintiff refuses to identify any other providers or provide additional authorizations.

Plaintiff is claiming emotional distress damages. *See* Complaint, ECF No. 1, ¶¶ 37, 44, 50, 57, 63, 69, 76, 83, 90, 96, 105. At the initial conference in this matter on February 27, 2025, Plaintiff's counsel indicated that Plaintiff seeks severe emotional distress damages beyond garden variety damages. Accordingly, the Court instructed Plaintiff's counsel to provide authorizations for Plaintiff's records in advance of the mediation to assist the parties in assessing damages for the purpose of settlement negotiations. We sent Plaintiff's counsel authorizations for records on February 28, 2025. Plaintiff's counsel did not respond.

B. <u>Defendants' Position</u>

Because Plaintiff is seeking severe emotional distress damages beyond garden variety damages, her medical records are discoverable. When "a litigant puts [her] physical or mental condition into issue in the litigation, [she] waives [her] right to privacy in any relevant medical records." *Manessis v. New York City Dep't of Transp.*, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002). Plaintiff here has done so by claiming severe emotional distress damages. *See id.* ("[Plaintiff] has placed [her] mental condition into issue, by claiming emotional distress damages. Because of this, [Plaintiff] may not maintain a claim of privacy in any mental health records, and Defendants are entitled to obtain and review such records."). In particular, Defendants are clearly entitled to discover Plaintiff's "mental health treatment records, whether they are the records of psychiatrists, psychologists, mental health therapists or counselors, or other medical practitioners." *Id.* Plaintiff should therefore be compelled to identify her medical providers and provide authorizations for her records from those providers.

Moreover, Plaintiff's objection to Interrogatory No. 7 based on Local Rule 33.3(a) is misplaced. The rule permits interrogatories to seek the "names of witnesses with knowledge of information relevant to the subject matter of the action" and "the existence, custodian, location, and general description of relevant documents." This interrogatory seeks the identities of witnesses and custodians that have information regarding Plaintiff's claims for emotional distress. That clearly falls within the information that may be sought by interrogatories in accordance with Rule 33.3(a).

Thank you for Your Honor's consideration of this matter.


Respectfully submitted,

 */s/ Vincent N. Avallone*
Vincent N. Avallone

cc:    All counsel of record (via ECF)