UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANUMITA STEINBERG,

                                 Plaintiff,

            -v-

CONSTELLATION AGENCY, LLC *et al.*,

                                 Defendants.

24 Civ. 8113 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This decision resolves a discovery dispute between plaintiff Anumita Steinberg and defendants Constellation Agency, LLC ("Constellation"), and Diana Lee.

      In this action, Steinberg sues her former employer, Constellation, and its CEO Lee for, *inter alia*, sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). On February 27, 2025, the Court held an initial pretrial conference. Dkt. 13. The parties have since engaged in fact discovery, which is due to end July 30, 2025. Dkt. 16.

      Their discovery dispute here implicates two categories of information.

      The first category involves Electronically Stored Information ("ESI") whose production Steinberg seeks from defendants. On June 16, 2025, Steinberg moved to compel defendants to expand their ESI search to encompass (1) four additional custodians, three of whom are former Constellation employees, (2) Slack messages and text messages, and (3) an additional search string aimed as to "accommodations for working mothers" and "complaints by other

employees."[1]  Dkt. 22 ("Steinberg Ltr.") at 1–2.  On June 18, 2025, defendants filed an opposition.  Dkt. 25 ("Defs. Opp.").

The second category involves Steinberg's medical records.  On June 17, 2025, defendants moved to compel Steinberg to supplement her responses to their interrogatory and request for production ("RFP") regarding her medical records.  Dkt. 23 ("Defs. Ltr.").  That day, Steinberg filed an opposition.  Dkt. 24 ("Steinberg Ltr.").

The Court addresses these categories in turn.

I.     **Scope of Defendants' ESI Searches**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."  A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The party seeking discovery bears the burden of demonstrating its relevance.  *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004).  Once relevance has been shown, it is up to the responding party to justify limiting discovery—for instance, based on undue burden.  *See id.* at 106; *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec.

---

[1] Steinberg also requested that defendants (1) supplement an interrogatory response, and (2) supplement their responses to Steinberg's notice of a deposition under Federal Rule of Civil Procedure 30(b)(6).  Defendants do not oppose those requests.  Defs. Opp. at 3.

2

3, 2015) ("[T]he party resisting discovery has the burden of showing undue burden or expense."). District courts are vested with "wide discretion in [the] handling of pre-trial discovery." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

Here, Steinberg argues that defendants should be compelled to search (1) the ESI of four additional custodians, namely Gigi Aboutaam, former Senior Vice President of Customer Success, Theresa Vargas, former Associate Vice President of Human Resources, Karen Lee, Controller, and Ashley Boon, former Talent Acquisition Specialist; (2) Slack messages and text messages, and (3) documents regarding "accommodations for working mothers" and "complaints by other employees."

***Additional custodians:*** It is undisputed that Aboutaam, Vargas, and Boone are *former* Constellation employees. *See* Steinberg Ltr. 1; Defs. Opp. at 2. Also undisputed is defendants' representation that, after their employment with Constellation ended, email accounts belonging to those former employees were "deleted in the normal course of business." Defs. Opp. at 2. Steinberg has not identified any other source of ESI as to Aboutaam, Vargas, and Boone that remains in defendants' possession, custody, or control. The Court therefore denies Steinberg's motion to compel defendants to search the ESI of Aboutaam, Vargas, and Boone. Steinberg's motion, to the extent directed to ESI of these three custodians, was pointless. Defendants are not obligated to search for information that does not exist.

Defendants do not, however, dispute that they are in possession of ESI as to Karen Lee, who is currently employed by Constellation as its controller. And Steinberg has cited correspondence from Karen Lee that appears plainly relevant to her claims here. *See* Steinberg Ltr., Ex 2. The Court therefore finds that a search of Karen Lee's ESI that is keyed to the issues

3

implicated by Steinberg's claim is reasonable and proportionate to the needs of the case. *See Condit*, 225 F.R.D. at 105.

**Slack and text messages:**  Defendants argue that Rule 26 does not require them to search the Slack and text messages sought by Steinberg because such is not within their possession, custody, or control. They so argue for two reasons. First, Constellation subscribes to the Slack "Pro plan," which does not permit Constellation to export and search ESI from "private channels and direct messages" on Slack. Defs. Ltr. at 2. Second, Constellation does not provide employees with business cell phones. Therefore, defendants contend, a search of text messages would necessitate a burdensome intrusion by Constellation into the potentially private contents of its employees' personal cellphones. *Id.*

For those reasons, the Court finds that defendants are not obligated to search Slack and text messages as to custodians *other than* Diana Lee. As to those custodians, Steinberg's request is not "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); *see also O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2024 WL 4903722, at *2 (S.D.N.Y. Nov. 27, 2024) (denying request for documents for period irrelevant to dispute because it was not "'reasonably calculated to lead to the discovery of admissible evidence' " and was 'thus overbroad' ") (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)); *JoySuds, LLC v. N.V. Labs, Inc.*, No. 22 Civ. 3781, 2024 WL 1929171, at *1 (S.D.N.Y. May 1, 2024) (denying motion to compel where document request was "overbroad," "not proportional to the needs of the case," and where "[p]laintiff has not proffered, let alone shown, relevance of these documents").

Diana Lee, however, is a defendant in this case. Her *own* Slack and text messages are undoubtedly in her possession, custody, or control. And defendants appear to have already made a "limited" production of Diana Lee's text messages, indicating that her cellphone has already

4

been searched and its contents uploaded to a review platform. Steinberg Ltr. at 2. Any additional burden from requiring a fulsome production of responsive text messages is likely to be limited.[2] The Court grants Steinberg's motion to compel as to Diana Lee's Slack and text messages.

***Additional search string:*** Defendants oppose an additional search for documents regarding "accommodations for working mothers" and "complaints by other employees." They argue that (1) their investigation has not found evidence of any other such complaints in the past five years; (2) the ESI search string proposed by Steinberg uses generic and overbroad terms that are unlikely to identify noncumulative, responsive ESI, while imposing a substantial burden; and (3) Steinberg's proposed ESI search sweeps beyond the subject of lactation accommodations— the context of Steinberg's claims. The Court agrees. For substantially the reasons given by defendants, the additional search Steinberg seeks is not "reasonably calculated to lead to the discovery of admissible evidence, and is thus overbroad." *O'Rear*, 2024 WL 4903722, at *2 (citing *EEOC v. Beauty Enters., Inc.*, No. 1 Civ. 378, 2008 WL 3359252, at *1 (D. Conn. Aug. 8, 2008)); *see also, e.g.*, *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). The Court denies Steinberg's motion to compel as to the additional search.

---

[2] To the extent such messages may implicate Diana Lee's privacy interests, defendants remain at liberty to produce these subject to a protective order.

5

## II.   Steinberg's Responses as to Medical Records

Defendants argue that Steinberg should be compelled to supplement her interrogatory and RFP responses as to her medical providers. Specifically, they deem Steinberg's response to Interrogatory 7 inadequate:

> **Interrogatory No 7.** If you claim damages for pain and suffering or mental anguish in this litigation, identify each and every medical, mental, psychological, psychiatric, counseling or other health care provider of any kind who has provided diagnosis, treatment, prescription, medication, counseling, evaluation, examination, or any other services to you from January 1, 2020 until the date these interrogatories are answered, and the condition for which treatment was sought. . . .
>
> **Plaintiff's Response.** Plaintiff objects to this interrogatory on the grounds that it is seeking information beyond the scope of discovery permitted by Local Civil Rule 33.3(a). Subject to and without waiving any objection, Plaintiff identifies Alison Gruen, MD.

Defs. Ltr. at 1. Because Steinberg is seeking severe emotional distress damages, defendants argue, the identities of her medical providers, and corresponding medical records, are relevant and discoverable.

Steinberg counters by declaring that the one medical provider she has identified—Dr. Gruen, a dermatologist—is the only provider with evidence relevant to her claim for emotional distress. As a basis to oppose the interrogatory, Steinberg is wrong. At trial, it may or may not prove correct that no other medical provider has relevant evidence within the meaning of Federal Rule of Evidence 401. But that decision will be for the Court, not Steinberg, to make.

6

Steinberg's attempt in the discovery phase to deny defendants the identities of such providers based on her view of relevance is ill-founded.

Interrogatory 7 is entirely proper. It seeks the identities of witnesses and custodians who, as defined by the interrogatory, may prove to possess information relevant to Steinberg's claim for emotional-distress damages. Where, as here, a plaintiff seeks such damages, Rule 26 entitles defendants to discover her "mental health treatment records, whether they are the records of psychiatrists, psychologists, mental health therapists or counselors, or other medical practitioners." *Manessis v. N.Y.C. Dep't of Transp.*, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002); *see also id.* ("When "a litigant puts [her] physical or mental condition into issue in the litigation, [she] waives [her] right to privacy in any relevant medical records."). And Local Rule 33.3(a) plainly authorizes discovery of this information. The Rule permits interrogatories to seek the "names of witnesses with knowledge of information relevant to the subject matter of the action" and "the existence, custodian, location, and general description of relevant documents." Loc. Civ. R. 33.3(a). The identities of Steinberg's medical providers and corresponding medical records comfortably fit within that category.

The Court thus orders Steinberg to promptly identify the medical providers covered by Interrogatory 7 and provide authorizations for the release of medical records and psychotherapy notes for each medical provider so identified.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 22.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 1, 2025
      New York, New York